UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MICHAEL WOOD,

      **Plaintiff,**

  v.                               Civil Action 2:24-cv-4096
                                      Judge Edmund A. Sargus, Jr.
                                      Magistrate Judge Chelsey M. Vascura

DEANNA WILLIAMSON,

      **Defendant.**


## REPORT AND RECOMMENDATION

Plaintiff, Michael Wood, a state inmate who is proceeding without the assistance of counsel, brings this action under 42 U.S.C. § 1983 against Deanna Williamson, an employee at London Correctional Institution, alleging that Defendant's false conduct report constituted retaliation for his exercise of free speech under the First Amendment to the United States Constitution. (Compl., ECF No. 1.) This matter is before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Having performed the initial screen, the undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's Complaint for failure to state a claim on which relief may be granted.

I.     BACKGROUND

Plaintiff alleges that on November 8, 2022, Plaintiff entered the recovery services building at London Correctional Institution at 5:40pm to attend an Alcoholics Anonymous meeting scheduled to begin at 6:00pm. Shortly after arriving, Plaintiff tried to leave the recovery services building to retrieve an item from his dorm. He was prevented from doing so by Defendant Deanna Williamson, who told him that he was not permitted to leave because he had signed in for the meeting. Plaintiff stated he was not required to be at this meeting and therefore did not need to sign in, and that he would cross his name off the list and leave. As he was in line to cross his name off the sign-in sheet, Plaintiff said to Defendant, "you're being ridiculous." On his way out of the recovery services building, Defendant asked Plaintiff for his ID, which he did not have with him. (Compl. ¶¶ 7–33, ECF No. 1.)

That same day, Defendant issued a conduct report against Plaintiff. (Conduct Report, ECF No. 1, PAGEID #21.) The Conduct Report states that Plaintiff tried to leave the recovery services building after signing in for a 12-step meeting; that Defendant showed him the posted rule that once you were in the building, you could not leave; that Plaintiff stated he would cross his name off and leave; that Defendant asked Plaintiff for his ID badge and Plaintiff stated he did not have it; that Plaintiff refused to give Defendant his name; that Plaintiff stated that Defendant was being ridiculous; and that Plaintiff then walked out of the building. (*Id.*) Plaintiff was charged with violating Inmate Rules of Conduct 22 (refusal to carry out work or other institutional assignments) and 26 (disrespect to an officer, staff member, visitor, or other inmate). (*Id.*); *see also* Ohio Admin. Code § 5120-09-06(C)(22) and (26) in effect on November 8, 2022.

Sergeant C. King held a hearing on Plaintiff's conduct report on November 9, 2022. Sergeant King found Plaintiff guilty of violating Rules 22 and 26 and imposed a 30-day restriction on Plaintiff's commissary and package privileges. (Compl. ¶ 49, ECF No. 1.)

2

Plaintiff's Complaint advances five counts: (1) First Amendment Retaliation, (2) Malicious Prosecution, (3) Facial Challenge to several inmate rules of conduct prohibiting disrespectful behavior, (4) As-Applied Challenge to Rule 26, and (5) Reversal and Expungement of the finding of guilt. Plaintiff seeks compensatory and punitive damages, as well as declaratory and injunctive relief. (Compl. 1, 19–20, ECF No. 1.)

## II. STANDARD OF REVIEW

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal and factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "detailed factual allegations, a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A complaint will not "suffice if it tenders naked assertion devoid of further factual enhancement." *Id.* (cleaned up). Instead, to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Id.* (cleaned up). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504

(citations omitted). Further, when considering a *pro se* plaintiff's Complaint, a Court "must read [the allegations] with less stringency . . . and accept the pro se plaintiff's allegations as true, unless they are clearly irrational or wholly incredible." *Reynosa v. Schultz*, 282 F. App'x 386, 389 (6th Cir. 2008) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)) (internal citation omitted).

### III.  ANALYSIS

All of Plaintiff's claims must be dismissed. First, Plaintiff's First Amendment retaliation claim in Count 1 requires a showing that:

> (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by the plaintiff's protected conduct.

*Thaddeus–X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). Plaintiff's retaliation claim fails on the first element, because his statement to Defendant that she was being ridiculous and his refusal to comply with her directions did not constitute protected conduct. Although prisoners "retain some constitutional protections while incarcerated, including rights provided by the First Amendment," a prisoner's constitutional rights are "necessarily limit[ed] while in prison." *Bethel v. Jenkins*, 988 F.3d 931, 938 (6th Cir. 2021) (citing *Turner v. Safley*, 482 U.S. 78, 84 (1987)). That is, "a prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Id.* (quoting *Pell v. Procunier*, 417 U.S. 817, 822 (1974)). Courts within the Sixth Circuit have consistently held that prisoners do not have a constitutional right to engage in the kind of disrespectful conduct alleged by Plaintiff. *See, e.g.*, *Cooper v. Chambers-Smith*, No. 1:23-CV-1793, 2024 WL 519846, at *2 (N.D. Ohio Feb. 8, 2024) ("Plaintiff does not have a constitutional right to argue with a prison officer and the officer's action in not entertaining the argument did

4

not violate Plaintiff's right to free speech."); *Williams v. Deputy Crystal Crafton*, No. 1:22-CV-P86-GNS, 2023 WL 121992, at *3 (W.D. Ky. Jan. 6, 2023) (a "disrespectful/harassing" statement "does not constitute protected conduct"); *Banks v. Turner*, No. 3:17-CV-2659, 2018 WL 4680439, at *1–2 (N.D. Ohio Sept. 28, 2018) (prisoners do not have "the First Amendment right to express grievances against prison officials" "in a manner that is confrontational or insubordinate, in violation of a valid prison regulation") (citing *Smith v. Campbell*, 250 F.3d 1032 (6th Cir. 2001)). Accordingly, Plaintiff cannot succeed on his claim for retaliation.

Although Plaintiff captions his Count 2 as "Malicious Prosecution," the allegations underlying this count relate to the false conduct report allegedly issued by Defendant. But "a prisoner has no constitutional right to be free from false accusations of misconduct." *Jackson v. Hamlin*, 61 F. App'x 131, 132 (6th Cir. 2003) (citing *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986)); *see also Jones v. McKinney*, No. 97-6424, 1998 WL 940242, at *1 (6th Cir. Dec. 23, 1998) (district court properly dismissed a complaint alleging that prison officials "deliberately issued a false disciplinary report" against the plaintiff as frivolous because "even if the disciplinary report was false, . . . a prisoner has no constitutionally protected immunity from being wrongly accused"); *Lee v. Pauldine*, No. 1:12–cv–077, 2013 WL 65111, at *8 (S.D. Ohio Jan. 4, 2013) ("Accepting as true plaintiff's allegation that defendant . . . filed a false conduct report against him, '[t]he act of filing false disciplinary charges does not itself violate a prisoner's constitutional rights.'" (quoting *Spencer v. Wilson*, No. 6:11–00128–KSI, 2012 WL 2069658, at *6 (E.D. Ky. June 8, 2012))), *adopted*, 2013 WL 646775 (S.D. Ohio Feb. 21, 2013)); *Reeves v. Mohr*, No. 4:11-cv-2062, 2012 WL 275166, at *2 (N.D. Ohio Jan. 31, 2012) ("Erroneous allegations of misconduct by an inmate do not constitute a deprivation of a constitutional right."). And having reviewed both Plaintiff's allegations and Defendant's conduct

report, the undersigned finds no material difference between the facts described by each party. Plaintiff has thus failed to allege that there was anything "false" about Defendant's conduct report. For these reasons, Plaintiff has not stated a claim for issuance of a false conduct report.

As to Count 3 and 4, Plaintiff's facial and as-applied challenges to rules prohibiting disrespectful behavior, Plaintiff must again show that these rules reach conduct protected by the First Amendment. *See Belle Maer Harbor v. Charter Twp. of Harrison*, 170 F.3d 553, 557 (6th Cir. 1999) (quoting *City of Houston, Tex. v. Hill*, 482 U.S. 451, 458 (1987)). As noted above, rules prohibiting disrespectful conduct do not infringe on conduct protected by the First Amendment. And to the extent that Plaintiff contends those rules are void for vagueness because the term "disrespect" is vague or ambiguous, the undersigned disagrees. "[A] failure to define a term within a statute or ordinance does not render the statute unconstitutionally vague, where the common meaning of the word provides both adequate notice of the conduct prohibited and of the standards for enforcement." *Belle Maer Harbor*, 170 F.3d at 558 (6th Cir. 1999). The ordinary meaning of "disrespect" ("to show or express disrespect or contempt for") provides adequate notice to prisoners. *Merriam-Webster.com Dictionary*, https://www.merriam-webster.com/dictionary/disrespect (last visited December 18, 2024). And by telling Defendant that she was being "ridiculous," Plaintiff expressed clearly that he did not respect the instructions given to him by Defendant. *See Merriam-Webster.com Dictionary*, https://www.merriam-webster.com/dictionary/ridiculous (last visited December 18, 2024) (defining "ridiculous" as "arousing or deserving of ridicule; extremely silly or unreasonable"). As a result, Plaintiff has not stated a claim for either a facial or as-applied challenge.

Finally, Plaintiff's Count 5 seeking reversal or expungement of the finding of guilt must also necessarily fail. Plaintiff's allegations do not demonstrate that he was incorrectly or

unconstitutionally found guilty of violating rules as stated in the conduct report; Plaintiff's allegations therefore do not demonstrate that reversal or expungement of the finding of guilt is warranted.

## IV.     DISPOSITION

For these reasons, the undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's Complaint under § 1915A for failure to state a claim on which relief may be granted.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE