UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MICHAEL WOOD,**

    **Plaintiff,**

  v.                                     Case No. 2:24-cv-4096
                                         JUDGE EDMUND A. SARGUS, JR.

**DEANNA WILLIAMSON,**            Magistrate Judge Chelsey M. Vascura

    **Defendant.**

## ORDER

This matter is before the Court on the Report and Recommendation issued by the Magistrate Judge on December 20, 2024. (R&R, ECF No. 9.) Plaintiff Michael Wood is an inmate who is proceeding without the assistance of counsel. (*Id.* PageID 49.) After conducting an initial screen of Mr. Wood's Complaint, the Magistrate Judge recommended that the Court dismiss his Complaint in its entirety for failure to state a claim on which relief may be granted. (*Id.*) Mr. Wood timely filed an Objection to the R&R. (Obj., ECF No. 10.)

A litigant who is the subject of an adverse report and recommendation from a magistrate judge is entitled to de novo review of those portions of the report to which proper objections are made. 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Mr. Wood raises four objections to the R&R. He objects to the finding that (1) "[he] failed to state a First Amendment violation," (2) "as a prisoner, [he] do[es] not have the right to be free from a false conduct report," (3) his "as applied and facial challenges fail due to an extremely

1

narrowed review and inadequate analysis," and (4) he is "not entitled to reversal and expungement of the finding of guilt." (Obj., PageID 57.)

Mr. Wood's Complaint advances five counts: (1) First Amendment retaliation, (2) malicious prosecution, (3) facial challenge to several inmate rules of conduct prohibiting disrespectful behavior, (4) as-applied challenge to the same rules of conduct, and (5) reversal and expungement of the finding of guilt from a prison misconduct hearing. (*See* Compl., ECF No. 1.)

The Magistrate Judge explained that Mr. Wood's First Amendment retaliation claim failed because his statement to "Defendant [Deanna Williamson] that she was being ridiculous and his refusal to comply with her directions did not constitute protected conduct." (R&R, PageID 52.) To successfully plead a First Amendment retaliation claim, an inmate must allege that (1) the inmate engaged in protected conduct; (2) an adverse action was taken against the inmate that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) that adverse action was motivated, at least in part, by the inmate's protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). Often it is difficult for an inmate to establish the first prong of the analysis because prison regulations may infringe on an inmate's rights so long as they are rationally related to a legitimate penological interest. *Id.* at 395 (citing *Turner v. Safley*, 482 U.S. 78 (1987)). Therefore, if an inmate violates a legitimate prison regulation, that inmate has not engaged in protected conduct. *Id.*

Mr. Wood correctly states that a prison inmate retains First Amendment rights that are not inconsistent with the legitimate penological objectives of the corrections system. (Obj., PageID 58.) The right to criticize public officials, Mr. Wood argues, is not inconsistent with the penological objectives of the corrections system. (*Id.* PageID 59.) According to Mr. Wood, this includes the right to file grievances. (*Id.*) He reasons that by telling Ms. Williamson that she was

2

being ridiculous, he "expressed a legitimate and meritorious grievance." (*Id.* PageID 60.) Her conduct report was thus retaliation for his expression of criticism against a public official. (*Id.*)

Mr. Wood is correct the "prison walls do not form a barrier separating prison inmates from the protections of the Constitution," (Obj., PageID 61), but as the Magistrate Judge elucidated, the Constitution does not protect a prisoner's right to argue with a prison official or to engage in disrespectful conduct. (R&R, PageID 52–53; citing *Cooper v. Chambers-Smith*, No. 1:23-CV-1793, 2024 WL 519846, at *2 (N.D. Ohio Feb. 8, 2024) ("Plaintiff does not have a constitutional right to argue with a prison officer and the officer's action in not entertaining the argument did not violate Plaintiff's right to free speech."); *Williams v. Deputy Crystal Crafton*, No. 1:22-CV-P86-GNS, 2023 WL 121992, at *3 (W.D. Ky. Jan. 6, 2023) (a "disrespectful/harassing" statement "does not constitute protected conduct"); *Banks v. Turner*, No. 3:17-CV-2659, 2018 WL 4680439, at *1–2 (N.D. Ohio Sept. 28, 2018) (Prisoners do not have "a First Amendment right to express grievances against prison officials" "in a manner that is confrontational or insubordinate, in violation of a legitimate prison regulation.").) Thus, although Mr. Woods' objection is well-argued, it does not change the fact that he did not have a right to be disrespectful, confrontational, or insubordinate towards Ms. Williamson. Therefore, he did not engage in protected conduct and cannot succeed on his claim for retaliation.

Next, Mr. Wood argues that because the Court "failed to recognize the First Amendment retaliation, the court err[]ed by dismissing the malicious prosecution claim." (Obj., PageID 61.) Although Mr. Wood captions Count 2 as a "Malicious Prosecution" claim, the allegations underlying this count relate to the false conduct report allegedly issued by Ms. Williamson. Mr. Wood does not address the Magistrate Judge's legal analysis explaining that "a prisoner has no constitutional right to be free from false accusations of misconduct." (R&R, PageID 53 (collecting

cases); *see also Jackson v. Hamlin*, 61 F. App'x 131, 132 (6th Cir. 2003).) And significantly, as the Magistrate Judge explained, there is no material difference between Mr. Wood's or Ms. Williamson's allegations. (*Id.* PageID 54.) Thus, Mr. Wood also failed to allege that there was anything false about Ms. Williamson's conduct. Accordingly, Mr. Wood's second objection is overruled.

Mr. Wood's third objection addresses the Magistrate Judge's recommendation that his as-applied and facial challenges fail to state a claim on which relief can be granted. In his Complaint, Mr. Wood challenged the regulations as "void-for-vagueness" (*see* Compl., PageID 13), and the Magistrate Judge addressed this argument in the R&R. (R&R, PageID 54 ("[T]o the extent that Plaintiff contends those rules are void for vagueness because the term "disrespect" is vague or unambiguous, the undersigned disagrees.").) But in his objection, Mr. Wood contends that the Magistrate Judge failed to apply the four-factor test set forth in *Turner v. Safley* to determine whether the challenged prison regulations are reasonably related to legitimate penological interests. (Obj., PageID 62; citing *Turner v. Safley*, 482 U.S. 78, 81 (1987).)

The first factor in the *Turner v. Safley* test requires a Court to determine whether there is a valid, rational connection between the prison regulation and the legitimate governmental interest. *Turner*, 482 U.S. at 89. The final three factors are balanced together and include: (1) whether there are other ways to exercise the right that remain open to prison inmates; (2) the impact accommodation of the asserted right will have on guards and other inmates; and (3) the lack of ready alternatives. *Id.* at 90. This is not a "least restrictive alternative test," but if an inmate can point to an alternative that accommodates their rights at *de minimis* cost to a valid penological interest, a court can consider that evidence of the reasonableness of the regulation. *Id.* at 90–91.

4

Applying this framework, this Court has held that penalizing inmates for disrespecting prison personnel is rationally related to a legitimate penological interest in ensuring safety and respect in the prison system. *See e.g.*, *Tate v. Williams*, No. 2:06-cv-0047, 2007 U.S. Dist. LEXIS 17767, at *8 (S.D. Ohio Mar. 12, 2007) (Smith, J.) Further, Mr. Wood puts forth no alternative that would fully accommodate his right at *de minimis* cost to the penological interest of ensuring safety and respect in the prison system. Accommodating his asserted right to disrespect prison officials would have a disruptive effect on guards and other inmates. The remaining cases relied upon by Mr. Wood in his objection address regulations on speech outside the prison context, which are inapplicable. (*See* Obj., PageID 63–65.) Therefore, Mr. Wood's third objection is overruled.

Last, Mr. Wood challenges the Magistrate Judge's recommendation that Count 5 of his Complaint fails to state a claim on which relief may be granted. (Obj., PageID 64–65.) After Mr. Wood allegedly told Ms. Williamson that she was being ridiculous, she filed a conduct report against him for trying to leave the recovery services building after signing into a 12-step meeting. (R&R, PageID 50.) Mr. Wood was charged with violating Inmate Rules of Conduct 22 (refusal to carry out work or other institutional assignment) and 26 (disrespect to an officer, staff member, visitor, or other inmate). (*Id.* citing Ohio Admin Code § 5120-09-06(C)(22) and (26).) After a hearing, Mr. Wood was found guilty of violating Rules 22 and 26. (*Id.*) He seeks to reverse and expunge the finding of guilt. (*See* Compl.; Obj., PageID 64–65.)

But Mr. Wood devotes most of his objection related to Count 5 to arguing that the finding of guilt at his prison misconduct hearing cannot act as an absolute bar to his First Amendment retaliation claim. (Obj., PageID 64–65; citing *Maben v. Thelen*, 887 F.3d 252, 262 (6th Cir. 2018) (explaining that a finding of guilt cannot "checkmate" an inmate's retaliation claim).) Neither the allegations in his Complaint, nor the arguments raised in his objection show that Mr. Wood was

5

incorrectly or unconstitutionally found guilty of violating the prison rules. Therefore, reversal or expungement is unwarranted and Mr. Wood's fourth objection is overruled.

In conclusion, the Court **OVERRULES** Mr. Wood's Objection (ECF No. 10), **ADOPTS** the R&R (ECF No. 9), and **DISMISSES** the case with prejudice under 28 U.S.C. §§ 1915A and 1915(e)(2)(B) for failure to state a claim on which relief can be granted. The Clerk is **DIRECTED** to **ENTER JUDGMENT** and terminate this case from the Court's docket.

**IT IS SO ORDERED.**

**1/15/2025**                                     **s/Edmund A. Sargus, Jr.**
**DATE**                                          **EDMUND A. SARGUS, JR.**
                                                  **UNITED STATES DISTRICT JUDGE**